## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Robert King Jr.,                                                  Civil No. 07-1908 (DWF/RLE)

           Plaintiff,

v.                                                                        **MEMORANDUM**
                                                                      **OPINION AND ORDER**
Reed, LLC, a California Corporation,

           Defendant,

and

Reed, LLC,

           Third-Party Plaintiff,

v.

Dickson Concrete and Old American Mine
Services, Inc.

           Third-Party Defendants.

---

Stuart L. Goldenberg, Esq., Goldenberg & Johnson, PLLC, counsel for Plaintiff Robert King, Jr.

Bradley J. Lindeman, Esq., Eric E. Holman, Esq., Jennifer E. Ampulski, Esq., and John J. McDonald, Jr., Esq., Meagher & Geer, PLLP, counsel for Defendant and Third-Party Plaintiff Reed, LLC.

Patrick D. Reilly, Esq., Erstad & Riemer, PA, counsel for Third-Party Defendant Old American Mine Services, Inc.

Blake W. Duerre, Esq., and Joseph M. Nemo, III, Esq., Arthur Chapman Kettering Smetak & Pikala, counsel for Third-Party Defendant Dickson Concrete.

---

## INTRODUCTION

This matter came before the Court pursuant to a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and for Partial Summary Judgment brought by Defendant Reed, LLC ("Reed"). For the reasons set forth below, the Court grants in part and denies in part Reed's motion.

## BACKGROUND

Reed is the manufacturer and original seller of the Reed Manufacturing B50 trailer mounted concrete pump. In October 2000, James Heavy Equipment ordered a Reed B50 concrete pump ("the Reed B50 concrete pump" or "the concrete pump"). Reed tendered delivery of the concrete pump to James Heavy Equipment on or sometime close to October 12, 2000. At some point, Plaintiff Robert King Jr.'s employer, Dickson Concrete, came into ownership of the Reed B50 concrete pump originally purchased by James Heavy Equipment.

On May 20, 2003, King was injured when he placed his right hand inside of the Reed B50 concrete pump while trying to clear a jam. On April 13, 2007, King filed this action, alleging negligence, strict liability, breach of express warranty, breach of implied warranty, misrepresentation, consumer fraud (violation of Minn. Stat. § 325F.69), and violation of the U.S. Consumer Product Safety Act ("CPSA"). Reed now moves to

dismiss, or for summary judgment on, all claims except those for negligence and strict liability.[1]

## DISCUSSION

### I.  Standard of Review

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964–65. This standard "calls for enough fact[s] to raise a reasonable

---

[1]  King has agreed to dismiss his claim under the CPSA. Accordingly, Count Eight is dismissed.

expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.     Causes of Action

### *1.     Express and Implied Warranties*

In Counts Three and Four, King asserts claims for breach of express and implied warranties, respectively. Reed moves for summary judgment on King's warranty claims, arguing that they are time-barred under the applicable statute of limitations. The statute of limitations for King's breach of warranty claims is four years from the date that the tender of delivery of the concrete pump was made. Minn. Stat. §§ 336.2-725(1)-(2). The accrual period may be tolled in cases involving fraudulent concealment or an express warranty regarding the future performance of the product. *See Marvin Lumber and Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873, 876 (8th Cir. 2000).

There is no dispute that Reed tendered delivery of the concrete pump on or around October 12, 2000. There is also no dispute that King commenced the current action on April 13, 2007, more than six years after tender of delivery of the concrete pump. Unless the accrual period has been tolled, the statute of limitations bars King's warranty claims. Reed argues that the facts of this case do not support an exception for fraudulent concealment or a promise for future performance that would toll the statute of limitations and, for this reason, summary judgment is appropriate. King, on the other hand, argues that he should be afforded additional discovery under Rule 56(f), to determine whether Reed made a warranty of future performance.[2]

---

[2]      King states that "[i]f the testimony shows that [Reed] did not make any promises
(Footnote Continued on Next Page)

The Court determines that it is appropriate to allow for additional discovery on the narrow issue of whether there is evidence of a promise for future performance that would toll the statute of limitations. Thus, King's express warranty claim survives on that limited ground. King's implied warranty claim, however, is time-barred. An implied warranty cannot explicitly extend to future performance. *See Nelson v. Int'l Harvester Corp.*, 394 N.W.2d 578, 582 (Minn. Ct. App. 1986) (explaining that "it would be illogical to hold that an implied warranty can explicitly extend to future performance"), *overruled on other grounds by Lloyd F. Smith Co., Inc. v. Den-Tal-Ez, Inc.*, 491 N.W.2d 11, 17 (Minn. 1992). *See also Highway Sales, Inc. v. Blue Bird Corp.*, 504 F. Supp. 2d 630, 636-37 (D. Minn. 2007); *Marvin Lumber v. PPG*, 223 F.3d at 876. Thus, the statute of limitations has not been tolled and the limitations period has run on King's implied warranty claim. Accordingly, Count Four is dismissed.

---

(Footnote Continued From Previous Page)
for future performance, dismissal of Plaintiff's breach of implied and express warranty claims may be appropriate based on the four year statute of limitations." (Mem. in Opp. to Def.'s Mot. to Dismiss at 3.) In addition, in the Complaint, there are no allegations that support a claim of fraudulent concealment. Therefore, King's only argument in support of tolling the statute of limitations relates to promises for future performance.

### *2.     Misrepresentation*

In Count Five, King alleges a claim of misrepresentation. Specifically, King asserts that Defendants made representations "through their advertisements, instructions, labeling and sales language of material facts concerning the quality and properties of their concrete pumps . . . includ[ing], but [] not limited to assertions that [the concrete pump] was safe to use, that the product had safety devices which would prevent a person from being injured in the manner the Plaintiff was injured, [and] that these safety devices were reliable and could be depended on." (Compl. at p. 5-6.) King further alleges that he relied on the representations. Reed moves to dismiss King's misrepresentation claim under Rule 9(b) for failure to plead the claim with particularity. King argues that his pleading are sufficient and reasserts the need for "additional discovery to flush out further particularity about [Reed's] misrepresentations." (Mem. in Opp. to Def.'s Mot. to Dismiss at 4.)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Misrepresentation claims are subject to the particularity requirement of Rule 9(b). *See In re Digi Int'l, Inc. Sec. Litig.*, 6 F. Supp. 2d 1089, 1095 (D. Minn. 1998). Rule 9(b) requires that a complaint sets forth the "'who, what, when, where, and how' of the alleged fraud." *Id*. Here, King relies on conclusory and general allegations regarding alleged misrepresentations in advertisements and other product materials. King fails, however, to provide a single specific example of any such advertisement or material. In addition, King fails to allege

7

any other pertinent facts with respect to the alleged misrepresentations, such as who made them, when they were made, the nature of the alleged misrepresentations, or specifically how any such representations were false. The Court concludes that King has failed to meet his pleading requirement under Rule 9(b). For this reason, Count Five is dismissed.[3]

### 3. False Statement under Minn. Stat. § 325F.69

In Count Six, King alleges that Reed violated the Minnesota Consumer Fraud Act ("CFA"), the relevant provision of which is codified at Minn. Stat. § 325F.69, by making a false statement in advertising. Section 325F.69 provides:

> The act, use or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable . . . .

Minn. Stat. § 325F.69. King also asserts that he is entitled to various remedies, including costs and attorney fees, pursuant to Minn. Stat. § 8.31, subd. 3a (the "private attorney general" statute), for Reed's alleged CFA violation. The private attorney general statute provides:

> In addition to the remedies otherwise provided by law, any person injured by a violation of [the CFA] may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.

Minn. Stat. § 8.31, subd. 3a. Reed moves to dismiss King's CFA claim pursuant to

---

[3] The Court rejects King's argument that it is entitled to further discovery under Rule 56(f). Rule 56(f) is not applicable to King's pleading requirements under Rule 9(b).

Rule 9(b) for failure to plead the claim with particularity and also pursuant to 12(b)(6) for failure to state a claim.

King's CFA claim must be pled with particularity pursuant to Rule 9(b).  *See Russo v. NCS Pearson, Inc.*, 462 F. Supp. 2d 981, 1003 (D. Minn. 2006).  In his Complaint, King alleges "Defendant did use fraud, false pretense, false promise, misrepresentation, misleading statements and deceptive practices in its sale of the Reed B50 concrete pump with the intent that others rely thereon . . . ."  (Compl. at 6.)  These conclusory allegations fail to meet the pleading requirements of Rule 9(b) for the same reasons discussed above with respect to King's misrepresentation claim.  Specifically, King has failed to identify a single advertisement or representation disseminated to the public in Minnesota or any other specific facts regarding any such advertisement.  Having failed to set forth the who, what, when, where, and how of the alleged false statement, King's CFA allegations lack the required specificity under Rule 9(b).  For this reason, Count Six is dismissed.

In addition, Reed asserts that King's CFA claim fails under Rule 12(b)(6) because the action will not confer a public benefit.  Private actions under the CFA are limited.  Minnesota's private attorney general statute allows a private litigant to seek damages and attorney fees under the CFA when the action will benefit the public at large.  *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000).  *See also Flora v. Firepond, Inc.*, 260 F. Supp. 2d 780, 787-88 (D. Minn. 2003).  King has the burden of demonstrating a public benefit to state a claim under the CFA.  *Ly*,

9

615 N.W.2d at 314.

King argues that his CFA claim satisfies the public benefit standard. The Court disagrees. King has failed to allege facts that, if true, would demonstrate that the lawsuit was brought to secure a public benefit. The present lawsuit is primarily a products liability and negligence case, wherein King seeks an award to cover his own economic expenses, pain and suffering, compensatory damages, and attorney fees. *See, e.g., Pecarina v. Tokai Corp.*, Civ. No. 01-1655, 2002 WL 1023153, at *5 (D. Minn. May 20, 2002) (dismissing a CFA claim under Rule 12(b)(6) where the "essence" of the plaintiff's lawsuit was personal injury, involving allegations of negligence and products liability). Any award would merely benefit King, and King has made no showing that this case or any of the requested relief would benefit the public at large.

King relies heavily on *Collins v. Minnesota School of Business*, 655 N.W.2d 320 (Minn. 2003), in arguing he has met the public benefit standard. In *Collins*, plaintiffs sued the Minnesota School of Business (MSB), alleging that the MSB made false, misleading, and confusing statements about its sports medicine program. 655 N.W.2d at 322. The Minnesota Supreme Court noted that that MSB misrepresented its program to the public at large via television advertising and sales and information presentations. *Id*. at 330. The Minnesota Supreme Court also found that fraud claims brought against the MSB benefited the public. *Id*. The present case, however, is distinguishable from the *Collins* case in at least one significant way. Having failed to provide any specificity with respect to his false statement and misrepresentation allegations, King has wholly failed to

demonstrate that Reed disseminated any false advertisements or made any misrepresentations to the public at large.  The Court concludes that King has failed to make allegations sufficient to demonstrate a public benefit.  This failure provides an additional ground to dismiss Count Six.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that**:**

1. Defendant Reed's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and for Partial Summary Judgment (Doc. No. 27) is **GRANTED IN PART** and **DENIED IN PART** as follows:  Counts Four, Five, Six and Eight are **DISMISSED** with prejudice.

Dated:  January 8, 2008          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court